IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DEONTE BENNETT**,                      Case No. 1:12 CV 489

    Petitioner,                             Judge Jack Zouhary

    v.                                   REPORT AND RECOMMENDATION

**NED TURNER**,[1]

    Respondent.                       Magistrate Judge James R. Knepp II

### INTRODUCTION

*Pro se* Petitioner Deonte Bennett filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The Court issued a show-cause order, (Doc. 3), Respondent filed a Motion to Dismiss (Doc. 6), and Petitioner filed a Traverse (Doc. 7). The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 8, 2012). For the reasons discussed below, the undersigned recommends granting Respondent's Motion to Dismiss the Petition.

### BACKGROUND

On March 8, 2010, the January 2010 term of the Cuyahoga County Grand Jury indicted Petitioner on one count of drug trafficking, one count of tampering with evidence, and one count of possessing criminal tools, all with forfeiture specifications. (Doc. 6-1, at 1–5); *see* Ohio Revised Code §§ 2925.03(A)(2), 2925.11(A), and 2923.24(A). At his arraignment on these charges,

---

1. Defendant informed the Court the Petitioner is currently incarcerated at the Grafton Correctional Institution, where Bennie Kelly is the Warden. As such, Kelly is the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); (Doc. 6, at 1 n.1).

Petitioner pled not guilty. (Doc. 6-1, at 6). Subsequently, Petitioner withdrew his plea of not guilty and entered a guilty plea to drug possession, at which time the remaining counts were nolled (case number CR-10-535160-A). (Doc. 6-1, at 7). On May 25, 2010, the May 2010 term of the Cuyahoga County Grand Jury indicted Petitioner on one count of drug trafficking, one count of drug possession, and one count of possession of criminal tools, all with forfeiture specifications. (Doc. 6-1, at 8–10); Revised Code §§ 2925.03(A)(2), 2925.11(A), and 2923.24(A). Petitioner initially pled not guilty, but later withdrew his plea and entered a guilty plea to drug possession, at which time the remaining counts were nolled (case number CR-10-538045-A). (Doc. 6-1, at 11–12). On July 28, 2010, the trial court sentenced Petitioner to four years in prison in CR-10-535160-A, to run consecutively with the seventeen month sentence imposed in CR-10-538045-A. (Doc. 6-1, at 12–13).

Through counsel, Plaintiff timely appealed to the Eighth District Court of Appeals (Doc. 6-1, at 14), raising the following assignments of error:

> I. The trial court abused its discretion in sentencing appellant without consideration of the overriding purposes of felony sentencing or the mandatory sentencing factors.
>
> II. The trial court abused its discretion in sentencing appellant without articulating judicially reviewable reasons for imposition of the sentence.

(Doc. 6-1, at 40). The State filed a brief in opposition. (Doc. 6-1, at 53–60). The appellate court *sua sponte* remanded the record to the trial court to correct the journal entries of conviction to include forfeiture orders. (Doc. 6-1, at 61). Then, on July 7, 2011, the court of appeals overruled both Petitioner's assignments of error, affirming the trial court's judgment. (Doc. 6-1, at 65–73).

Petitioner failed to file a timely appeal in the Supreme Court of Ohio. *Pro se*, Petitioner filed a notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court on

2

November 28, 2011. (Doc. 6-1, at 74–80). Petitioner contended he failed to timely file his appeal due to "lack of knowledge that he had a right to appeal to this court, ineffectiveness of counsel, and the revived statute(s) that were not in effect at the judgment of appeal (H.B. 86 Passed by the Senate but not in effect until September 30, 2011)." (Doc. 6-1, at 77). Petitioner also filed an affidavit restating the reasons for his failure to file a timely appeal. (Doc. 6-1, at 79–80). The Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed his cause on January 18, 2012 (Doc. 6-1, at 89), after which Petitioner filed his Petition in this Court on February 29, 2012 (Doc. 1).

## DISCUSSION

Petitioner alleges three grounds for relief:

**Ground One:** Constitutionality of Sentence

Supporting Facts: Petitioner's sentence was not given according to due process and equal protection under Ohio laws and U.S. and Ohio Constitutions. A court's discretion is to be guided by specific factors or principles. The court must carefully consider them and whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. Without some articulated basis for the exercise of discretion, the court's decision is virtually limited from meaningful appellate review.

**Ground Two:** Felony sentences must be guided by the overriding purposes of felony sentencing; to protect public and punish offender only.

Supporting Facts: The court must reasonably calculate a defendant's sentence to achieve the two overriding purposes of felony sentencing set forth in the sentencing statutes, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. To determine the appropriate sentence for a felony, the court must assess the seriousness of the conduct that constituted the underlying offense and recidivism factors.

**Ground Three:** At the time of sentencing, all sentences were to be concurrent, unless certain statute violations mandates consecutive.

> Supporting Facts: The only law available in effect after the Foster case was that which presumed for only concurrent sentences in Ohio. The exception would be that the violation of law has to mandate consecutive sentences. The other sentencing statutes at the time of sentencing were served. Today after September 30, 2011 they were revived by legislation.

(Doc. 1, at 6–9). Because Petitioner asserts non-cognizable claims and has procedurally defaulted on each asserted ground for relief, the undersigned recommends granting Respondent's Motion to Dismiss the Petition.

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for habeas petitions brought by individuals challenging their state-court convictions. 28 U.S.C. § 2244(d). In relevant part, the statute provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review

*Id.* § 2244(d)(1)(A). Direct review includes the 90-day period for seeking certiorari, and direct review thus ceases when the United States Supreme Court denies certiorari or the time to file a certiorari petition expires. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (*abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002)); *Knuckles v. Brigano*, 70 F. App'x 830, 838 n.2 (6th Cir. 2003). Though Respondent contends Petitioner had to file his federal habeas corpus petition by August 20, 2012 (Doc. 6, at 6) and Petitioner appears to contend he had longer to file it (Doc. 7, at 3), both parties agree Petitioner filed his Petition within the statute of limitations when he filed it in February 2012.

Petitioner Asserts Noncognizable State Law Claims

A prisoner in state custody may only challenge his custody "on the ground that he is in

4

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal habeas relief is only available if the state court proceedings deprived the petitioner of a right guaranteed by the Constitution or federal law, *Pulley v. Harris*, 465 U.S. 37, 41 (1984), and "does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). When state courts have previously adjudicated the basis for a federal habeas claim, the AEDPA provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

In each asserted ground for relief, Petitioner alleges the state trial court erred when it imposed the sentences in his criminal cases. (Doc. 1, at 6–9). He alleges the court did not apply the proper factors governing sentencing or articulate their effect on his sentence; he argues his sentence was not guided by Ohio's overriding purposes of felony sentencing; and he argues Ohio law required his sentences to run concurrently rather than consecutively. To the extent any alleged sentencing error violated Ohio state law, the claim is not cognizable in federal habeas review. Even if the district court disagreed with the determination regarding Petitioner's sentences, a federal court "cannot grant the writ based on . . . disagreement with state-court determinations on state-law

5

questions . . . unless the state-court determination is so fundamentally unfair that it deprives a defendant of due process". *Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (internal citations omitted).

Without more, "a mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). Though Petitioner attempts to cast his claims in constitutional terms by stating his "sentence was not given according to due process and equal protection under . . . U.S. and Ohio constitutions" (Doc. 1, at 6), his claim does no more than suggest the trial court improperly applied Ohio's sentencing laws. Petitioner presents only state-law issues already adjudicated by Ohio's Eighth District Court of Appeals and does not implicate a due process violation affecting fundamental elements of fairness in criminal proceedings, *see Spencer v. Texas*, 385 U.S. 554, 562–64 (1967). This is true even as to his first ground for relief, which vaguely asserts a violation of the United States Constitution, but actually alleges only a violation of Ohio's sentencing laws. Because Petitioner's claims arise solely under state laws, they are not cognizable in federal habeas proceedings. *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)) ("The writ of habeas corpus is not available to remedy errors of only state law."); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S.62, 67–68 (1991)).

Petitioner Failed to Exhaust His Claims and Procedurally Defaulted

Before seeking a federal writ of habeas corpus, a petitioner must exhaust available state remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270,

275 (1971)). To exhaust the available state remedies, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner fails to present a claim to the state courts and no state remedy remains available, he has procedurally defaulted that claim. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Here, Petitioner did not fairly present his federal claims in the state courts. "[G]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *McNeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Because Petitioner presented only such general allegations of constitutional violations in the Eighth District Court of Appeals (*see* Doc. 6-1, at 42), he has not fairly presented his first and second asserted grounds for relief to the state courts and therefore has not satisfied the exhaustion requirement.

Further, the doctrine of procedural default bars federal habeas courts from reviewing federal claims state courts declined to address due to a petitioner's failure to comply with state procedural requirements. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Procedural default occurs when the last state court rendering a decision makes a "plain statement" basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989). "The mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (holding the last state court rendering a reasoned judgment must "clearly and expressly" state its judgment rests on a procedural bar for procedural

default to apply). Where a state court is silent as to its reason for denying a claim, the Sixth Circuit applies a presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (declining to interpret the state appellate court's silence as a decision on the merits of the petitioner's due process claim and instead assuming the court was enforcing the procedural bar) *Id.* at 203 n.1.

The Sixth Circuit applies a four-part test to determine whether a petitioner's grounds for relief are procedurally defaulted:

> First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. Second, the federal court must determine whether the state courts actually enforced the state procedural sanction – that is, whether the state courts actually based their decisions on the procedural rule. Third, the federal court must consider whether the procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. . . . Fourth, if the federal court answers the first three questions in the affirmative, it would not review the petitioner's procedurally defaulted claim unless the petitioner can show cause for not following the procedural rule and that failure to review the claim would result in prejudice or a miscarriage of justice.

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted)).

Here, the applicable state procedural rule is the requirement to timely appeal to the Ohio Supreme Court. Petitioner raised his first and second grounds for relief on direct appeal in the Eighth District Court of Appeals. (*See* Doc. 1, at 6–8; Doc. 6-1, at 40). On July 7, 2011, after discussing the merits of Petitioner's grounds for relief, the appellate court affirmed his conviction and remanded his case for execution of the sentence. (Doc. 6-1, at 65–73); *Ohio v. Bennett*, 2011-Ohio-3387, 2011 WL 2640265 (Ohio Ct. App. 2011). Under Ohio Supreme Court's Rules of Practice, Petitioner had 45 days from the date of journalization to appeal the appellate court's decision. Ohio

S.Ct.Prac.R. 6.01(A)(1). Therefore, Petitioner had until August 21, 2011 to file his appeal, and he failed to do so. Both Petitioner's notice of appeal and motion to file a delayed appeal in the Ohio Supreme Court are date-stamped November 28, 2011, and Petitioner signed these documents on November 25, 2011. (Doc. 6-1, at 74–78). Without explanation, the Ohio Supreme Court denied Petitioner's motion to file a delayed appeal. (Doc. 6-1, at 89). And under *Simpson*, the Court takes the Ohio Supreme Court's silence to mean it was actually enforcing the procedural bar.

Considering the third prong of the *Maupin* analysis, the Sixth Circuit has held the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal constitutes an independent state procedural rule sufficient to bar federal habeas corpus. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) The court explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup. Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Id.*; *see also Dietz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004) ("[F]ailure to file a timely appeal presumptively constitutes an adequate and independent ground barring federal review."). Accordingly, Petitioner's first and second asserted grounds for relief are barred by procedural default unless he can show cause and prejudice for the default or that a miscarriage of justice excuses the default. *Coleman*, 501 U.S. at 750.

A petitioner may overcome procedural default by showing both cause for the failure to comply with the state procedural rule and prejudice resulting from the alleged constitutional

9

violation. *See Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla*, 370 F.3d at 498 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner argues he can show cause for failing to timely appeal because he "was not given acknowledgment or notice that [he] had a right to appeal a felony to the Ohio Supreme Court." (Doc. 6-1, at 79). But ignorance of the law and the procedural requirements for filing a notice of appeal are insufficient to establish cause. *Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)); *Miller v. Webb*, 74 F. App'x 480, 482 (6th Cir. 2003); *Hall v. United States*, 41 F. App'x 743, 744 (6th Cir. 2002). To the extent Petitioner seeks to assert an ineffective assistance of appellate counsel claim as cause for procedural default, that claim must first have been presented to and exhausted in state courts before being brought before a federal habeas court as cause to excuse procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–53 (2000). Moreover, though the United States Supreme Court recognizes an exception to the cause and prejudice requirements where a petitioner can demonstrate actual innocence, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), here Petitioner has not alleged he is actually innocent; indeed, he pled guilty and has not suggested any defect in that plea. Because Petitioner failed to demonstrate cause for his procedural default and does not qualify for an exception, Respondent's Motion to Dismiss the Petition should be granted as to the first and second asserted grounds for relief.

In Petitioner's third ground for relief, he alleges Ohio law required his sentences to run concurrently at the time he was sentenced. (Doc. 1, at 9). As discussed above, this presents a noncognizable claim because it challenges only the application of state law, but it is also procedurally defaulted because Petitioner never raised that claim in the Eighth District Court of Appeals. To the extent this third asserted ground for relief alleges some violation of federal law, Petitioner has failed to demonstrate cause for failing to raise it in the state courts. Thus, the state courts have never considered the claim, Petitioner has not demonstrated cause for his procedural default, and this federal habeas Court is barred from ruling on it. Therefore, the Court should grant Respondent's Motion to Dismiss Petitioner's third asserted ground for relief.

## CONCLUSION AND RECOMMENDATION

Following review of the record, arguments presented, and applicable law, Petitioner presents state-law issues not cognizable in a federal habeas corpus case and has procedurally defaulted on all his claims. Therefore, the undersigned recommends the Petition be denied and dismissed.

                                                              s/James R. Knepp, II
                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).